IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL FLETCHER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation;<br><br>    Defendant. | **8:20CV50**<br><br>**ORDER** |

  This matter is before the court on attorney Louis E. Jungbauer's "Motion and Affidavit in support of Motion under FRCP 59." Specifically, Jungbauer requests an order "reopening the case, and requiring the attorneys involved in the mediation to discuss how best to resolve the remaining issues." (Filing No. 57). For the reasons set forth herein, this motion will be denied.

## BACKGROUND

  Attorney Jungbauer filed the above-captioned case on behalf of Plaintiff Michael Fletcher on January 30, 2020 alleging claims under the Federal Employers Liability Act and the Federal Locomotive Inspection Act. (Filing No. 1). The undersigned entered orders setting the progression deadlines for this case. In anticipation of his later withdrawal as counsel, on August 20, 2022, Jungbauer filed a notice of attorney's lien claiming entitlement to a percentage of any monetary settlement of this action, for legal services rendered under a contract between Jungbauer and Plaintiff. (Filing No. 36).

  Attorney Terrance O. Waite entered his appearance on behalf of Plaintiff on September 13, 2022. (Filing No. 37). Jungbauer withdrew as counsel for Plaintiff on September 24, 2022. (Filing No. 38). The court granted the motion to withdraw,

noting in a non-public remark that Jungbauer should still receive ECF notifications as he had filed an attorney's lien on a portion of the settlement proceeds. (Attachment at p. 1[1]).

On October 14, 2022, the undersigned entered an order stating "The court has been advised that the parties in the above-captioned matter have settled their claims." A 30-day deadline was set for filing dismissal documents. (Filing No. 40). Within that 30-day period, Waite advised chambers that there was an issue related to distribution of attorney's fees and that Joel Carney would represent Jungbauer's interest. On October 20, 2022, Defendant Union Pacific Railroad Company ("UPRC") filed a motion to interplead a portion of the settlement proceeds in the amount to which Jungbauer and his former law firm claimed an entitlement. (Filing No. 41). On November 14, 2022, Waite and Carney, mindful of the dismissal document deadline, contacted chambers by email indicating their plan to mediate the fee dispute between Jungbauer and Fletcher. (Attachment at p. 2).

On November 15, 2022, the motion to interplead funds was granted and the dismissal document deadline was extended to December 15, 2022. (Filing No. 43). The undersigned set a deadline for the attorneys seeking recovery of fees to advise the court as to whether the fee distribution issue should be referred to a magistrate judge for a settlement conference. The fee distribution matter was referred to Magistrate Judge Michael D. Nelson. Judge Nelson held a conference call on November 21, 2022, and "[i]n accordance with the joint request of plaintiff and intervenor," set a settlement conference for December 5, 2022. (Filing No. 46). The order setting the conference stayed any remaining case progression deadlines. (Filing No. 46; see Attachment at pp.3-4)

---

[1] The attachment is restricted because it contains the fee distribution amounts Jungbauer and Fletcher agreed to on the record at the conclusion of the mediation with United States Magistrate Judge Michael D. Nelson on December 5, 2022. The fee distribution has been restricted to case participants and the court.

The settlement conference was held, as scheduled, on December 5, 2022. A settlement was reached, and the terms of the settlement were read into the record. (Filing No. 51, text minute entry). Jungbauer participated in the conference by telephone, with the approval of the parties and the court. (Filing No. 52, audio file at 00:01:45). Judge Nelson recited the terms of the agreement on the record:

> The parties were able to reach a settlement today and we wish to put that on the record. The agreement is the total sum of [amount restricted, and set forth in Filing No. 53] of the funds that were interpled will be released to Mr. Jungbauer in full and complete release and there will be a full and complete release between the parties for any and all claims arising from Mr. Jungbauer's representation of Mr. Fletcher in this case. This will resolve all the issues that were raised by the interpleader. Mr. Jungbauer will indemnify Plaintiff with regard to all fees and costs in this case including any claims that may be, that could be, raised by Mr. Jungbauer's previous law firm. So that will be the settlement in this case.

Id.

Judge Nelson confirmed with Carney and Waite that the terms were accurately set forth. (Filing No. 52, audio file at 00:03:00). He also confirmed with Plaintiff that the terms were accurately stated and agreed to. (Filing No. 52, audio file, at 00:03:20).

The recording contains the following exchange between Judge Nelson and Jungbauer:

> Judge Nelson:   Mr. Jungbauer I know you're participating by telephone. Did you have an opportunity, a full opportunity, to participate in the settlement conference today?
> . . .
> Jungbauer:   I was able to participate in the conference, yes.

| | |
|---|---|
| Judge Nelson: | Are those the terms of the settlement that were reached by the parties? |
| Jungbauer: | Yes. Your Honor did you mention that Mr. Fletcher is waiving all claims he has against Jungbauer. |
| Judge Nelson: | Yes, that's agreed. |
| Jungbauer: | Ok. |

(Filing No. 52, audio file, at 00:03:35).

Plaintiff's counsel agreed to file a motion for dismissal of the case within 30 days, with the participation of Defense counsel. (Filing No. 52, audio file; Filing No. 53). After the settlement conference, the court's finance department requested the completion of W-9 forms by Fletcher and Jungbauer to effectuate payment of the interpleader funds held by the court. There was some delay in the completion of the W-9 forms and payment in accordance with the settlement terms was accomplished by March 27, 2023. (See Filing No. 54; Attachment at pp. 5-6). A final extension of the dismissal document deadline was entered on April 5, 2023, directing the parties to file a dispositive stipulation on or before April 19, 2023. (Filing No. 54). Plaintiff and Defendant filed a joint stipulation for dismissal on April 12, 2023, and the case was dismissed with prejudice on April 13, 2023. (Filing No. 55, Filing No. 56). On April 19, 2023, Jungbauer filed the pending motion claiming entitlement to additional fees under his attorney/client contract and asserting there are "still issues to be explored" with regard to the agreed settlement. (Filing No. 57).

ANALYSIS

As a preliminary matter, the court is aware of no case law mandating that an attorney fee dispute between Plaintiff and former counsel requires reopening a case involving the claims between Plaintiff and Defendant. Fletcher and UPRC

have settled their claims and have filed a stipulation for dismissal of the claims in the Complaint.

Judge Nelson, acting as mediator, addressed Jungbauer's claim to attorneys' fees derived from the settlement between Plaintiff and Defendant UPRC. The terms of the settlement between Plaintiff and Jungbauer were negotiated and stated on the record on December 5, 2022, and set forth in my order of December 7, 2022, for the purpose of directing the court's finance department to release a specified amount to Fletcher and to Jungbauer. (Filing No. 52; Filing No. 53). No party or case participant objected to the November 15, 2022, order granting Defendant's motion to interplead the settlement funds. Similarly, no party or case participant objected to the December 7, 2022, order following the settlement conference. Plaintiff and Jungbauer both accepted payment of the funds that had been held by the court.

Jungbauer now insinuates that he was not allowed to fully participate in the settlement conference, that he may not have had the mental capacity to agree to the settlement, and that there were issues that may have been left unresolved. (Filing No. 57 at CM/ECF p. 5). He also claims entitlement to the percentage of the full settlement amount allegedly provided for in the attorney/client agreement with Plaintiff. (Filing No. 57 at CM/ECF p. 1 ¶ 3).

The United State Supreme Court has noted that absent some action to "embody the settlement contract in its dismissal order or … retain jurisdiction over the settlement contract" the enforcement of a settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 382, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994). "Kokkonen made clear that federal courts do not retain authority to enforce settlement agreements" unless the dismissal order affirmatively states

jurisdiction is retained. Jenkins v. Kansas City Missouri Sch. Dist., 516 F.3d 1074, 1081 (8th Cir. 2008), as corrected (Mar. 27, 2008), See, also, 4:20 Commc'ns, Inc. v. Paradigm Co., 336 F.3d 775, 778 (8th Cir. 2003). More specifically, Defendant in 4:20 Commc'ns argued that the court had ancillary jurisdiction because the magistrate judge stated the terms of the settlement on the record. The Eighth Circuit disagreed, finding that the magistrate judge performed the function of a mediator, and not a judicial officer. It ultimately found that "Any court with jurisdiction over the present dispute is fully competent to interpret the settlement from the transcript" of a settlement conference." Id.

Here, Magistrate Judge Nelson performed the function of a mediator, and after approximately four hours of negotiation, a settlement was reached, and the terms were read into the record. This court held certain funds at the request of UPRC. The court no longer holds any of the disputed funds, having disbursed them to Plaintiff and Jungbauer on January 23, 2023, and March 27, 2023, respectively. (Attachment at p. 7). While the stipulation for dismissal provides that the court retains jurisdiction to enforce the terms of the settlement agreement, the document contains the signatures of Counsel for Plaintiff and Defendant, and the "settlement agreement" in question is that of Fletcher and UPRC, the parties to the action. This court did not specifically retain jurisdiction for enforcement of the mediated terms between Jungbauer and Fletcher. Jungbauer's claim to further entitlement is a contract matter that may be brought by separate action in a court of competent jurisdiction. To the extent that the "issues to be explored" involve the claims of Plaintiff against UPRC, Jungbauer is no longer Plaintiff's counsel, and terms reached between Plaintiff and Defendant are no longer his concern.

Accordingly,

IT IS ORDERED that Jungbauer's motion to reopen the case is denied. ([Filing No. 57](#)). The claims between Plaintiff Fletcher and Defendant Union Pacific Railroad Company are resolved, and this case remains closed.

Dated this 9th day of May, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge